Alphonse **DEHONZAI**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–2071.

United States Court of Appeals, First Circuit.

Submitted March 16, 2011.

Decided Aug. 15, 2011.

Jeffrey Brian Rubin, Law Offices of Jeffrey B. Rubin, P.C., Boston, MA, for Petitioner.

Latia N. Bing, Phillip Michael Truman, Richard Zanfardino, U.S. Dept. of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before LYNCH, Chief Judge, TORRUELLA, BOUDIN, LIPEZ, HOWARD and THOMPSON, Circuit Judges.

### ORDER OF COURT

Pursuant to First Circuit Internal Operating Procedure X(C), the petition for rehearing en banc has also been treated as a petition for rehearing before the original panel. The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and petition for rehearing en banc be denied.

TORRUELLA, Circuit Judge, dissenting.

Having read the panel opinion and the petition for rehearing, I am concerned that the *Castaneda–Castillo* standard for as-

sessing credibility determinations was not properly applied, as documented by Judge Thompson in her dissent. *See Castaneda–Castillo v. Gonzales,* 488 F.3d 17, 22–23 (1st Cir.2007). Moreover, I believe that clarifying our approach to such determinations is a matter worthy of en banc review. I therefore voted to grant en banc rehearing.

THOMPSON, Circuit Judge, dissenting.

The appellant's en banc petition raises concerns over our inconsistently applied standard of review of immigration courts' credibility determinations. I share the appellant's concerns, *see Dehonzai v. Holder,* 650 F.3d 1, 12–13 (1st Cir.2011) (Thompson, J., dissenting), and think this would be an appropriate case for the en banc court to inject clarity into a confused doctrine.